IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOGAN S. SEGER,<br><br>**Petitioner,**<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>HUMAN SERVICES, et al.,<br><br>**Respondent.** | Case No. 24-CV-01226-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Logan S. Seger is a state defendant presently housed at Alton Mental Health Center in Illinois. (*See* Doc. 1, p. 1). He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his placement in a mental health facility for restoration of competency to stand trial in a state criminal case in St. Clair County, Illinois. (*Id.*); *see People v. Seger*, 23-CF-613 (Ill. Cir. Ct.). Seger requests for the Court to "[d]rop the question of fitness," release him from custody, declare a "mistrial citing non-vote of jury," and drop all charges against him for "failure to uphold habeas corpus." (Doc. 1, p. 12). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 1(b) of the same provides this Court with the authority to apply these Rules to other habeas corpus cases. *See id.*

First, while Seger brought the instant Petition pursuant to 28 U.S.C. § 2241, it is clear that he is not in federal custody nor has he been indicted under federal law. (*See* Doc. 1). Section 2241(c) states that:

> The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

Seger is in a state mental health facility pending restoration of his competency to stand trial in a state misdemeanor disorderly conduct case—thus, he is not detained under the authority of the United States or in violation of federal law. (*See* Doc. 1, p. 1); *see* 28 U.S.C. § 2241(c). A state prisoner may challenge his or her detention "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a); *see id.* § 2241(c)(3), and only via 28 U.S.C. § 2254. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 n.3 (2d Cir. 2003) (quoting *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("Section 2254(b)(1) requires state prisoners to exhaust all available state court remedies before filing a Section 2254 petition, whereas Section 2241 contains no such exhaustion requirement. Had Congress intended to make Section 2241 available to state prisoners, it would likely have required, in the interests of comity, that state prisoners challenging the execution of their state-imposed sentences first exhaust their remedies in the state courts.")).

Even though Seger styled and labeled the instant filing as a § 2241 petition, "it is the substance of the petition, rather than its form" that determines whether it is considered under § 2241 or § 2254. *Cook*, 321 F.3d at 278 (quoting *James*, 308 F.3d at 166). Therefore, the Court is not constrained to consider the Petition as brought under § 2241 if it appears that it should have been brought under § 2254. *See Cook* at 277–78.

However, Seger is required to clear two procedural hurdles before the Court may reach the merits of his Petition within the framework of § 2254: exhaustion of remedies and procedural default. *Bolton v. Akpore*, 730 F.3d 685, 694–96 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c). Under the Illinois two-tiered appeals process, petitioners such as Seger must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c); Ill. Sup. Ct. R. 604(e).

If a petitioner has pursued his state-court remedies to exhaustion, the claims may nevertheless be barred by procedural default. *See Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity

to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.* A fairly presented claim "must place before the state court both the controlling law and the operative facts in a manner such that the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve the issue on that basis." *Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) (internal quotation marks omitted). A petitioner may be excused from procedural default only "if the petitioner can show both cause for and prejudice from the default or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Bolton*, 730 F.3d at 696.

Reading Seger's Petition as arguing that his right to due process has been violated,[1] he cannot file a petition for a writ of habeas corpus pursuant to § 2254 as a state prisoner without providing details on the exhaustion of state remedies. While Seger claims that he has pursued the grounds raised in his Petition on appeal,[2] he does not provide any facts about the status or outcome of any of these purported appeals. (*See* Doc. 1, pp.7–9). He seems to indicate that he (erroneously) regards the instant Petition as his appeal. (*See id.*, p. 12). Notably, Illinois Supreme Court Rule 604(e) provides that "[t]he defendant or the State may appeal to the Appellate Court from an order holding the defendant unfit to stand trial or be sentenced."

---

[1] While Seger does not discuss any alleged constitutional infirmity, he clearly challenges the fact or duration of his confinement. *See Pischke v. Litscher,* 178 F.3d 497, 499 (7th Cir. 1999) (petition for habeas corpus may be used only to challenge the fact or duration of a prisoner's confinement).
[2] The Court notes that Seger indicates earlier in his Petition that he has not appealed his current mental health hold via checking the boxes labeled "No" in response to whether or not he appealed the decision at issue. (*See* Doc. 1, pp. 3–4).

While § 2254(b)(1)(B) permits a prisoner to sidestep the exhaustion requirement where "there is an absence of available State corrective process . . . or circumstances exist that render such process ineffective to protect the rights of the applicant," Seger had not provided details on this front, either. Because Seger has not demonstrated the required of exhaustion of available state remedies pursuant to § 2254, the Court is without subject-matter jurisdiction to address his claims.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Therefore, Seger's Petition must be dismissed.

## Conclusion

For the reasons set forth above, Logan S. Seger's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he

must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Seger has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of this case debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** May 8, 2024

                                         *s/ Stephen P. McGlynn*
                                         **STEPHEN P. McGLYNN**
                                         **U.S. District Judge**